

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C   Atlanta

DEC 1 3 2007

JAMES N. HATTEN, Clerk

By: _____
- Deputy Clerk

**WSD**

1:07-CV-309 8

| | |
|---|---|
| W. PHILLIP MCCURDY, III; MICHAEL SHANE CAWTHON; and NELSON W. PICKLESIMER, individually And on behalf of all others similarly situated, | * * * * * * * |
| Plaintiffs, | * * |
| vs. | * * * |
| THE STATE OF GEORGIA; MARK N. HARPER, individually and as Chief Clerk of the State Court of Fulton County; STEFANI R. SEARCY, individually and as the Chief Administrator of the State Court of Fulton County; FULTON COUNTY BOARD OF COMMISSIONERS; CATHLENE "TINA" ROBINSON, individually and as the Clerk of Superior Court; and LEXIS-NEXIS COURTLINK, INC., | * * * * * * * * * * * * * * * * * |
| Defendants. | * * * |

## COMPLAINT – CLASS ACTION

**COME NOW**, Plaintiffs W. PHILLIP MCCURDY, III, MICHAEL

SHANE CAWTHON, and NELSON W. PICKLESIMER (collectively,

"Plaintiffs"), on behalf of themselves and the class alleged herein, by and through their attorneys, and file this Complaint, and show the Court as follows:

## PRELIMINARY STATEMENT

1.

This is an action to enjoin primary Defendant, Lexis-Nexis Courtlink, Inc. (hereinafter "Lexis"), acting as part of a joint enterprise and on direction and authorization from the government Defendants, from continuing to operate a system, in conjunction with the Supreme Court of Georgia and/or Fulton County Government entities, through which Defendants have been charging litigants/their counsel in Fulton County Superior Court and Fulton County State Court fees for filing documents and pleadings using their electronic filing system (hereinafter "e-filing") in excess of those authorized by Georgia statute, and in violation of other Georgia statutes.  Without any statutory authority, Defendants charge litigants/their counsel fees – in some instances $11.00 for each electronic filing in those cases designated for mandatory electronic filing pursuant to orders issued by the Superior and State Courts of Fulton County and a pilot project seemingly and/or unwittingly approved by the Georgia Supreme Court.  This illegal system prohibits filing of any paper documents in mandated cases, thus forcing litigants to use the e-filing system.  (The Georgia Supreme Court's approval of the State Court e-filing

2

system is not signed by the Chief Justice, nor any Justice, but only by the Supreme Court Clerk; counsel for Plaintiffs made an open records request to the Supreme Court Clerk and was provided those documents in Exhibit 1; the Supreme Court Clerk denied Plaintiffs' counsel any other recordings of the Supreme Court concerning and/or approving the State Court electronic filing rules; Plaintiffs' counsel contends that the Georgia Supreme Court is unaware of the cost associated with said system and/or is unaware of adverse authority such as that contained within O.C.G.A. § 15-6-77 et seq., O.C.G.A. § 15-5-40 et seq., and O.C.G.A. § 15-10-53 et seq., *inter alia*).

2.

Defendants' e-filing system is illegal, unlawful, wrongful, and tortious. Government Defendants lack the authority to impose on litigants a system that allows for Defendant Lexis to impose fees on litigants and their attorneys excess of those expressly authorized by the State Court of Fulton County Schedule of Fees and Superior Court of Fulton County Schedule of Fees. Through this system, Defendant Lexis has taken substantial sums of money from Plaintiffs and other persons similarly situated in violation of O.C.G.A. § 15-6-77(k) (statute concerning filing fees) and in violation of O.C.G.A. § 15-5-40 (statute stipulating clerk shall accept paper filings). This scheme single-handedly double, triples or

quadruples litigants filing fees with no known ceiling for said fees. This scheme marks the largest percentage and largest actual dollar increase in filing fees in the history of Georgia, all without any statutory authority.

3.

There is no statutory or other authority for Defendant Lexis to charge Plaintiffs a per document or even per case filing fee, nor is their statutory authority for the government Defendants to authorize such conduct.  This policy and practice constitutes unlawful conduct deliberately undertaken.  Defendants' actions have not been authorized by the Georgia legislature, violate Georgia law, and constitute a conversion of Plaintiffs' money or otherwise committing a tort and/or civil wrong against Plaintiffs for which Defendants had and have no authority to retain said moneys.

4.

Plaintiffs bring this class action on behalf of themselves and all past, current, and future litigants who have been or will be charged for the costs of their mandatory electronic filings in violation of law. Plaintiffs assert claims for violation of their civil rights under 42 U.S.C. § 1983, conversion, wrongful conduct and violation of the Georgia Constitution.  Further, Plaintiffs respectfully request this Court to temporarily and thereafter permanently enjoin Defendants

4

from charging litigants and from allowing litigants to be charged any fees that are not permitted by law. Plaintiffs respectfully request an accounting and Order requiring Defendant Lexis to return money that they have wrongfully collected from Plaintiffs and other class members, under the e-filing systems authorized by the government Defendants.

## PARTIES

### 5.

Defendant, Mark N. Harper ("Harper") is a resident of Fulton County, Georgia. Defendant may be served at his office located at 185 Central Avenue, Atlanta, Georgia, 30303. Defendant Harper is the Chief Clerk of the State Court of Fulton County, Georgia.

### 6.

Defendant, Stefani R. Searcy, ("Searcy") is a resident of Fulton County, Georgia. Defendant may be served at her office located at 185 Central Avenue, Atlanta, Georgia, 30303. Defendant Searcy is the Court Administrator for the State Court of Fulton County, Georgia.

### 7.

Defendant Cathlene "Tina" Robinson ("Robinson") is a resident of Fulton County, Georgia. Defendant may be served at her office located at 136 Pryor

Street S.W., Room 106, Atlanta, GA 30303.  Defendant Robinson is the Clerk for the Superior Court of Fulton County, Georgia.

8.

Defendant Fulton County Board of Commissioners (hereinafter "Board"), is an entity existing and responsible for the general administration of the government of Fulton County, Georgia.  The Board can be served through the Chair of the Board, Mr. John Eaves, at 141 Pryor Street, SW, Suite 10044, Atlanta, Georgia 30303.

9.

Defendant Lexis-Nexis Courtlink, Inc., (hereinafter "Lexis") a Delaware corporation, is an entity responsible for the administration of the e-filing system for the State Court of Fulton County and Superior Court of Fulton County.  Lexis can be served through its registered agent for service of process, Lexis Document Services, Inc., located at 40 Technology Parkway South, #300, Norcross, Georgia 30092.

10.

Defendant State of Georgia (hereinafter "Georgia" or "State") is responsible for the administration of the Supreme Court of Georgia, the State Court of Fulton County and Superior Court of Fulton County, and is charged, under the

Constitution of the State of Georgia, with an obligation to provide access to courts for all its citizens. The State may be served through the Office of the Attorney General, 40 Capitol Square, SW, Atlanta, GA 30334 and or the Department of Administrative Services, Risk Management Division, 200 Piedmont Avenue, Suite 1208, West Tower, Atlanta, Georgia 30334-9010.

11.

Plaintiff W. Phillip McCurdy, III, (hereinafter "McCurdy") is an attorney admitted to the State Bar of Georgia. McCurdy maintains a law practice at 4064 Wetherburn Way, Suite 6, Norcross, Georgia 30092.

12.

Plaintiff Michael Shane Cawthon (hereinafter "Cawthon") is an individual residing at 86 Maple Ridge Lake Drive, Dawsonville, Georgia, 30534.

13.

Plaintiff Nelson W. Picklesimer (hereinafter "Picklesimer") is an individual residing at 50 Frank Corn Cove, Blairsville, Georgia, 30512.

**JURISDICTION AND VENUE**

14.

This Court has diversity jurisdiction over this action pursuant to The Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4, as codified in 28 U.S.C. §

7

1332, because at least one member of the class is diverse in citizenship from any one defendant, and the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

15.

Additionally, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 because this action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.  The Court has supplemental jurisdiction over claims arising under the Constitution and laws of the State of Georgia under 28 U.S.C § 1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

16.

Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this judicial district.  This District also is an appropriate venue for this action under 28 U.S.C. § 1391(b)(2) because all or at least a substantial part of the events of omissions giving rise to the claims asserted herein occurred in this judicial district.  This Court is authorized to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17.

Jurisdiction over all Plaintiffs' claims against government Defendants is appropriately exercised by the Court at this time, as the proper ante litem notices have been sent to all government parties as required by, O.C.G.A. § 50-21-26, et seq., O.C.G.A. § 48-2-35, et seq., and O.C.G.A. § 36-11-1, et seq., and Plaintiffs' counsel has received responses from both state and county government entities denying Plaintiffs' claims. (See Exhibits 22-26).

## STATEMENT OF FACTS

### 18.

Pursuant to an Order issued by a Judge of the Fulton County State Court, on or about September 21, 1999, and authorized by Defendants Mark Harper, Stefani Searcy, the Fulton County Board of Commissioners, and Lexis (or its predecessor in interest), (hereinafter "State Court Defendants"), the use and imposition of an electronic filing and service system (hereinafter "EFSS") for the State Court of Fulton County was implemented for all Asbestos litigation. (See Exhibit 2) Subsequent orders, dated April 23, 2002, July 1, 2003, July 6, 2003 and May 31, 2006, expanded the class of cases subject to mandatory e-filing. (See Exhibits 3-7) Currently, pursuant to the May 31, 2006, State Court Order, issued by the Chief Judge of the Fulton County State Court, and authorized by the Fulton County Board of Commissioners (See Exhibits 8-9), the use and imposition of said

electronic filing and service system is mandated for any and all cases that pertain to Asbestos, Fen-Phen, Mercury/Lead, Silicosis, Welding Rod Litigation, Medical Malpractice, Legal Malpractice, all civil actions with four or more Plaintiffs, all civil actions with four or more Defendants, all civil actions where damages sought exceeds $50,000.00, tort cases, all personal injury cases, and all cases wherein no specific amount of recovery is pled.  The current Order further provides that the EFSS must be used in the aforementioned case types "for all pleadings, motions, memoranda of law, orders, and other documents filed."  Additionally, the Order even provides that "[n]otices of discovery required by Uniform Super. Ct. Rule 5.2(2) must be e-filed." Paper filings are no longer accepted for these cases, whatsoever.

19.

In order to participate in the mandatory EFSS, litigants/their counsel must "become participants to the Vendor's system or use of the [State Court of Fulton County's] public access terminal located at 185 Central Avenue, S.W., TG100, Atlanta, Georgia."

20.

The "Vendor" authorized and empowered to operate the EFSS is Defendant Lexis.  The ability to file, serve, receive, review, and retrieve electronically filed

pleadings, orders, and other documents filed in an assigned case are exclusively limited to participation in the EFSS system operated by Lexis.

21.

Per the terms of its operation and consistent with the Orders establishing the system, where filing fees are required under the Georgia statute and/or the EFSS, a party subject to the mandatory order issued by the Fulton County State must pay said fees immediately upon filing. Pursuant to the Order, the filing fee is paid directly to Lexis, whereupon Lexis will credit a court clearing house account for that portion of the filing fee that is authorized by the State Court of Fulton County Schedule of Fees (statutory fees) within 24 hours of filing.

22.

Where a party, pursuant to the mandatory e-filing Orders issued by the Fulton County State Court, wishes to file a pleading, memoranda of law, orders, or other documents, that party is required to submit payment immediately upon filing. (In practice, Lexis sends an invoice to participants of its system for said fees).

23.

Any remaining portion of the filing fees that are not credited to the court clearing house account thereafter become the property of Lexis. The Order states that "[f]ees charged by Lexis to parties or attorneys for access to and electronic

transmission of documents are solely the property of Lexis and are in addition to any charges associated with required [statutory] filing fees of [State Court of Fulton County]."

24.

Plaintiffs McCurdy and Cawthon were required to pay the Lexis fees, authorized by the State Court, for every document they filed subject to the mandatory e-filing Orders. (See Exhibits 19-20). The only alternative for Plaintiffs was to utilize the more expensive option of hiring counsel, courier, and/or another to physically access/upload the singular "public access terminal" in downtown Atlanta within the State Court Clerk's office. (See Exhibit 10, courier fee, and Exhibit 21, relating to the public access terminal). The cost-effective method of mailing in paper pleadings and documents has been eliminated and is prohibited by this scheme, in violation of law. (See Exhibits 11-12, the rules and guidelines for the State e-filing system)

25.

In a similar pattern to State Court, on May 31, 2000, and October 16, 2001, the Superior Court of Fulton County, through Defendants Robinson (and her predecessor), the Fulton County Board of Commissioners, and Lexis (hereinafter

"Superior Court Defendants"), authorized the use and imposition of an electronic filing system (hereinafter "EFS").  (See Exhibits 13-14)

26.

Pursuant to these Orders (hereinafter "Superior Court Orders") issued by the Superior Court of Fulton County, the EFS is required to be used by all litigants for Asbestos and Silicosis damage claims filed in the Superior Court of Fulton County. The Superior Court Order further provides that the EFS must be used for all pleadings, motions, memoranda of law, or other documents filed in certain Asbestos and Silicosis Litigation filed in the Superior Court of Fulton County.

27.

In order to participate in the mandatory EFS system in the Superior Court of Fulton County, any litigant must become a participant to the Vendor's system for e-filing.  The Vendor that is responsible for maintaining the EFS system for the Superior Court of Fulton County is Defendant Lexis.

28.

The Superior Court Orders further state that the clerk "shall not accept or file any pleadings or instrument in paper form;" this, as in State Court, forces litigants/their counsel to use Lexis to access the Courts, in violation of O.C.G.A.

§ 15-6-77(k) and O.C.G.A. § 15-5-40.

29.

Where statutory filing fees are required, the Superior Court Orders state that "the filing party shall send to the Superior Court Clerk's Office a photocopy of the face sheet of the filing plus a check for filing fee(s) in the proper amount in accordance with the Superior Court of Fulton County Schedule of Fees."

30.

However, "fees charged by [Defendant Lexis] to parties or attorneys for access to and electronic transmission of documents are solely the property of [Defendant Lexis] and are in addition to any charges associated with required filing fees of [Superior Court of Fulton County]." Like the above State Court allegations, only a singular "public" access terminal is located in downtown Atlanta, at the Superior Court Clerk's office. The "public" terminal is in no way marked or identified, and clerk personnel were unaware of where the terminal was located upon a recent visit, but, after twenty (20) minutes, made a computer available upon a recent visit to access the "public terminal." (See Exhibit 15 & 21). However, a review of the "public" records resulted in fees being assessed by Lexis, despite using the "public" access terminal (hereinafter PAT)  (See Exhibit 15)

31.

14

Plaintiff Pickelsimer was required to pay the additional filing fees charged by Defendant Lexis and authorized by the Superior Court of Fulton County, for every document subject to mandatory e-filing orders. The exact amount is unknown, but Plaintiff Pickelsimer's invoice from his counsel indicates he was charged and paid said fees. (See Exhibit 16).

32.

Lexis is not entitled to immunity as a state actor. The Georgia Tort Claims Act waives the State's sovereign immunity for the torts of state employees while acting within the scope of their employment and the GTCA's statutory definition of "employee," expressly excludes corporations and independent contractors doing business with the State. OCGA §§ 50-21-23(a); 50-21-22(7).

33.

Lexis is not a county employee, but rather an independent contractor, joint tortfeasor, and/or operating a joint enterprise with the other named Defendants. Under Lexis's contract with both the State Court and Superior Court, the Courts retained no right to control the time, manner, nor method of Lexis's performance under the contract. Furthermore, the contract allowed Lexis to charge additional fees to participants, yet the State and Superior Court retained no control over the procedure for charging these additional fees nor the amount charged. The absence

of control by State Court and Superior Court over Lexis' administration of the EFS and EFSS, indicate Lexis was not an employee of the county, and thus Lexis is not entitled to sovereign immunity. O.C.G.A. § 51-2-2.

## CLASS ACTION ALLEGATIONS

34.

Plaintiffs bring this class action pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure on their behalf and on behalf of a class similarly situated and affected during the pendency of this lawsuit and in the future.  The class is defined as all past, current, and future litigants subjected to mandatory electronic filing by the Fulton State, Fulton Superior, and or Georgia Supreme Court Orders in conjunction with Lexis, who have been or will be charged unlawful fees by Defendant Lexis, for all documents required by the State and Superior Court Orders to be e-filed.

35.

The members of this class are so numerous that their joinder is impractical. Plaintiffs' counsel has reviewed the e-filed cases and estimates the class to date is more than 10,000 litigants/counsel.  The class and the amount of fees unlawfully collected increases daily.  The continuation of the system chills and at times denies

litigants' access to courts and is in violation of clear authority established lawfully by the Georgia General Assembly and other authority.

36.

The conditions and practices challenged in this action apply with equal force to the named Plaintiffs and all members of the class so that the claims of the named Plaintiffs are typical of those of the class. All class members are past, current, or future litigants in the State and/or Superior Court of Fulton County, subject to mandatory e-filing by the State or Superior Court Orders, and who in violation of law, are being charged by Defendant Lexis an e-filing fee for all documents subject to mandatory e-filing. All class members will continue to be subject to such conditions absent the requested relief.

37.

The named Plaintiffs will fairly represent and adequately protect the interests of the class as a whole. They possess the requisite personal interest in the subject matter of the lawsuit and possess no interests adverse to other class members. Plaintiffs are representative of the class of all persons who have been or will be charged for the costs of mandatory e-filing under the EFS and/or EFSS in violation of law. The damages claimed by Plaintiffs and inflicted on the class arise out of Lexis' course of conduct resulting in the unlawful imposition and collection

of e-filing fees under the EFSS and EFS schemes. Plaintiffs and members of the class have therefore suffered a common injury arising out of the EFSS and EFS schemes.

38.

The claims of Plaintiffs and the members of the class involve common questions of law and fact relating to the fees, costs, and assessments that are in violation of Georgia law. Plaintiffs' claims are typical of the claims of the members of the class, in that damages claimed by all Plaintiffs and imposed upon the class arise out of the Defendant's course of conduct resulting in the unlawful imposition and collection of e-filing fees under the EFSS and EFS schemes. Plaintiffs and members of the class have therefore suffered a common injury arising out of the EFSS and EFS schemes. These questions predominate over any questions affecting the individual class members.

39.

Defendants, in charging the e-filing fee for all documents filed, have acted in a way generally applicable to the class the Plaintiffs represent, thereby making preliminary and permanent injunctive relief and corresponding declaratory relief appropriate for the class as a whole pursuant to Fed. R. Civ. P. 23(b)(2).

40.

Class action treatment is also proper under Fed. R. Civ. P. 23 (b)(1)(A) because the risks of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants as the parties opposing the class.

41.

Class action treatment is also proper under Fed. R. Civ. P. 23 (b)(1)(B) because adjudications, with respect to individual Class members, would, as a practical matter, be dispositive of the interests of other class members not party to the adjudication, or would substantially impair or impede their ability to protect their interests.

42.

Defendants have subjected Plaintiffs and members of the Class to fees, costs and assessments that are illegal and improper. Accordingly, Plaintiffs herein bring suit on behalf of themselves and all other members of the Class in order to recover only those e-filing amounts that have been illegally and improperly assessed. Plaintiffs do not seek recovery for amounts charged by Defendant Lexis for discretionary services offered by the EFS and EFSS schemes; rather Plaintiffs seek

to recover the unlawful filling fees charged by Defendant Lexis, for those documents subject to mandatory e-filing by the State and Superior Court Orders.

43.

Because Defendants have subjected Plaintiffs and members of the Class to improper e-filing fees, costs, and assessments, also bring suit to recover the amounts improperly collected, but also to enjoin Defendants from continuing the improper and illegal imposition of costs, fees, and assessments resulting from the EFSS and EFS schemes.

44.

A class action is superior to other available methods for a fair and efficient adjudication of this controversy since individual joinder of all class members is impractical. Further, the damages suffered by each Class member may, in many cases, be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class.

**CLAIMS FOR RELIEF**

COUNT I: INJUNCTIVE RELIEF

45.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

46.

Defendants have violated and are continuing to violate statutory mandates for personal monetary gain.  Further, Defendants' conduct violates 42 U.S.C. § 1983.  Defendants' conduct is likely to continue unless temporarily enjoined and thereafter permanently enjoined.

47.

Plaintiffs have been and continue to be deprived of their property by Defendants' illegal fees. Defendants' conduct is causing Plaintiffs immediate and irreparable harm that cannot be remedied solely by the award of money damages.

48.

Plaintiffs are likely to prevail on the merits in this case.  Defendants are acting in the absence of legal authority and their conduct violates O.C.G.A. § 15-6-77, by assessing and collecting fees in excess of those authorized by statute.

49.

Plaintiffs will be substantially and irreparably harmed if a temporary and/or permanent injunction is not issued requiring Defendants to prevent the current scheme wherein Defendants charge litigants, subject to mandatory e-filing, under

the EFSS and/or EFS schemes, unauthorized fees, costs, and assessments, impermissible under Georgia and Federal law. Any harm caused by the Defendants' ongoing and open levy of illegal fees cannot be sufficiently cured by a later money award.

50.

The substantial threatened and ongoing injury to Plaintiffs, as well as the public at large, to include the interstate ramifications, and all potential litigants subject to Defendants' unauthorized e-filing fees, substantially outweighs any threatened harm that a preliminary and permanent injunction could conceivably do to the Defendants.

51.

The balance of the hardships, clear authority from the Georgia General Assembly, other authority, and the public policy strongly favor the Court entering a temporary injunction and thereafter permanently enjoining Defendants' unlawful levy of fees. Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction requiring Defendants to cease charging litigants subject to mandatory e-filing under the EFSS and/or EFS schemes, unauthorized fees, costs, and assessments impermissible under Georgia and Federal law, as well an injunction requiring the respective Courts to accept paper filings, per Georgia law.

22

## COUNT II: DECLARATORY JUDGMENT

### 52.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

### 53.

Defendants' failure to end the illegal e-filing fees and their continuing failure to do so has created an actual controversy between Plaintiffs and Defendants.

### 54.

Accordingly, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2202, (1) declaring that Defendants are operating the EFS and EFSS in violation of Georgia law; (2) directing Defendants to bring their e-filing system into compliance with applicable state statutes; (3) establishing that Defendants are liable to Plaintiffs for the illegal fees and assessments charged.

## COUNT III: VIOLATION OF STATE LAWS

### 55.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

### 56.

23

Uniform Superior Court Rule (USCR) 1.2(B) permits a superior court to make and amend rules which deviate from the Uniform Superior Court Rules provided such proposals are not inconsistent with the Georgia Civil Practice Act, general laws, these Uniform Superior Court Rules, or any directive of the Supreme Court of Georgia.

57.

USCR 1.2(E) authorizes a majority of judges in a circuit to adopt experimental rules applicable to pilot projects, upon approval of the Supreme Court, adequately advertised to the local bar, with copies provided to the State Bar of Georgia.

58.

USCR 1.2(C) provides that "[n]othwithstanding the expiration of previously approved local rules, December 31, 1994, courts may continue to promulgate rules which relate only to internal procedure and do not affect the rights of any party substantially or materially, either to unreasonably delay or deny such rights."

59.

The general laws and rules of practice, procedure, pleading, evidence, and execution applicable to the superior courts are applicable to and govern in the state courts.  Slater v. Spence, 246 Ga. App. 365 (2000); O.C.G.A. § 15-7-43.

60.

The procedure required by the USCR for the implementation of pilot programs was not followed by the Georgia Supreme Court in the Court's approval of the implementation of the EFS and EFSS schemes. To wit: no majority of judges approved this pilot project as required by the USCR 1.2(E); the pilot project is in violation of O.C.G.A. § 15-6-77, O.C.G.A. § 15-5-40, and is inconsistent with O.C.G.A. § 15-10-53, authorizing magistrate courts to implement an e-filing system. (Georgia's General Assembly intentionally omitted authorizing an e-filing system for the trial courts of record in Georgia, thus leaving O.C.G.A. § 15-6-77, O.C.G.A. § 15-5-40 in full force and effect.)

61.

The prohibition of using paper filings, fees and assessments, which are mandatory for all cases listed in the Fulton State and Fulton Superior Court Orders, are in conflict with USCR 1.2, in that the prohibition, fees and assessments constitute a rule that "affect the rights of any party substantially or materially," and "unreasonably delay or deny" rights of litigants that are subject to the Orders.

62.

The Orders mandating e-filing violate O.C.G.A. § 15-5-40 by prohibiting paper filings in the specified cases.

63.

O.C.G.A. § 15-6-77 is the general statutory provision that governs the assessment and collection of fees and costs for filing civil actions.  Subsection (k) of O.C.G.A. § 15-6-77 provides that "[n]o fees, assessments, or other charges may be assessed or collected except as authorized in this Code section or some other general law expressly providing for same."

64.

The EFSS and EFS schemes that are imposed on those litigants as listed in the Orders contain fees and assessments that are in excess of any fees or amounts that are authorized by Georgia law under O.C.G.A. § 15-6-77, et seq. of the authorized fee schedule for the State Court of Fulton County and the Superior Court of Fulton County.

65.

Specifically, the EFSS and EFS schemes charge litigants/counsel for fees and assessments that are authorized by the fee schedule for the State Court of Fulton County and the Superior Court of Fulton (statutory fees), plus a transaction fee per each e-filed document, pursuant to Lexis' File and Service Pricing Sheet. For example, according to Lexis' File and Service Pricing Sheet, there is a $7.00 charge per filing transaction for each filing of any document in a "General Civil

Case." (See Exhibits 17-18, Lexis File & Serve Pricing Sheets). This scheme is a variatable litigation toll booth for fIling fees, in violation of law.

66.

The costs and fees imposed pursuant to the EFFS and the EFS schemes constitute charges and fees that are mandatory and are in excess of the fees and assessments authorized by either the Fulton County State Court and Fulton County Superior Court fee schedule or fees and assessments authorized by Georgia law. Because these fees are in excess of the fee schedule authorized by law, the imposition of said fees is in direct violation of O.C.G.A. § 15-6-77(k).

67.

While the Georgia General Assembly has expressly provided for the use of e-filing for the Georgia Magistrate Courts (see O.C.G.A. § 15-10-53), the General Assembly has not provided for nor allowed the use of e-filing for the State and Superior Courts in Georgia.  Accordingly, the imposition of the EFFS and EFS systems as currently implemented has no basis in Georgia law, making said systems illegal.

68.

Since the fees imposed under the EFFS and EFS scheme are not authorized by Georgia law, said fees have been illegally collected and imposed upon

Plaintiffs.  Defendants have violated the above statutes by imposing e-filing fees upon Plaintiffs that were expressly prohibited by law.  Plaintiffs are entitled to collect from Defendants all moneys collected in excess of those authorized by statute.

69.

The exact amount of recoverable fees cannot be determined without an equitable accounting and is requested by Plaintiffs.  No true and meaningful voluntary consent by the litigants existed as the Defendants left the Plaintiffs no option but to either forfeit their right to access the Fulton courts of records, pay the fees in violation of law, or pay even more to access the "public" terminals.

COUNT IV: CONVERSION

70.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

71.

Pursuant to O.C.G.A. § 51-10-1 et seq., Defendants' actions constitute an unlawful conversion of Plaintiffs property or constitute wrongful conduct generally.

28

72.

At all times alleged herein, the Plaintiffs are and have been the rightful

owner of the e-filing fees in excess of those authorized by statute.

73.

At all times alleged herein, Defendants, without legal authority or with faulty

Georgia Supreme Court "authority," were in possession of monies rightfully

belonging to Plaintiffs.  In doing so, Defendants have wrongfully taken possession

of the Plaintiffs' property for their own use and benefit, thereby depriving

Plaintiffs of the same.

74.

As a direct and proximate result of Defendants' conduct, Plaintiffs have

suffered damages in an amount to be proven at trial.  Further, Defendants' above-

described actions were willful, deliberate, and malicious, and should be punished

and deterred by an award of punitive damages as permitted by law and in an

amount to be determined at trial.

## COUNT V: UNJUST ENRICHMENT

75.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the

allegations of the preceding paragraphs.

76.

As a result of Defendants' acts and omissions alleged herein, Defendants have unjustly received and retained a benefit to the detriment of Plaintiffs and all others similarly situated.  Defendants' retention of this benefit violates fundamental principles of justice, equity, good conscience and is *ultra vires*.

77.

The specific sum on money by which Defendants have been unjustly enriched can only be identified from information and records in Defendants possession and control.

78.

Plaintiffs are entitled to the return of all amounts illegally taken from them, as determined through a legal and equitable accounting of the amounts by which the Defendants were unjustly enriched.

## COUNT VI: CONSTRUCTIVE TRUST

79.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

80.

Even if Defendants acted under valid authority granted by the Georgia Supreme Court, Fulton Superior and Fulton State Court Orders, Defendants have still charged Plaintiffs fees in excess of those permitted by statute, and thus are obligated to return said funds.

81.

At all times alleged herein, the Plaintiffs' monies were in possession and under the control of the Defendants.  Defendants have taken this property for their own use and benefit thereof.  The Plaintiffs have been damaged by Defendants' failure to return said monies.

82.

By virtue of Defendants' actions, Defendants hold these funds as constructive trustee for the benefit of Plaintiffs.  The Plaintiffs request an order that the Defendants be directed to transfer possession of said funds to Plaintiffs, along with statutory interest on said funds.

COUNT VII: NEGLIGENCE PER SE

83.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

84.

Defendants owe a duty of care to all participants in its e-filing system and to the courts utilizing such systems.

85.

Georgia authorizes the adoption of a statute as a standard of conduct so that its violation becomes negligence per se.

86.

The violation of O.C.G.A. § 15-6-77 et seq., and/or O.C.G.A. § 15-5-40 by Defendants constitutes negligence per se because Plaintiffs were within the class of persons that both statutes were intended to protect, and the harm suffered by Plaintiffs was the harm the statutes intended to guard against.

87.

Defendants breached the duty of care owed to Plaintiffs when they charged e-filing fees in direct violation of Georgia law. Defendants' conduct was the direct and proximate cause of Plaintiffs' injuries.

88.

As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

## COUNT VIII: GEORGIA CONSTITUTIONAL VIOLATIONS

89.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

90.

The EFFS and EFS schemes authorized and employed by the government Defendants constitute a tax and/or limitation on litigants involved in only specific types of litigation pursuant to the Order.

91.

The Georgia Constitution provides that "no person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Ga. Const., Art 1, Sec. 1, Para. XII.

92.

The EFSS and EFS schemes allowed by the government Defendants effectively chill the right to prosecute or defend causes of action in the State Court of Fulton County and the Superior Court of Fulton County by imposing an illegal cost of filing pleadings, orders, or other supporting documents in any matter that is subject to the Orders. See Muenster v. Suh, 2005 WL 2476223 (Ga. Supreme Court 2005). Furthermore, the rights of State and Superior Court plaintiffs and defendants to actively and vigorously litigate suits subject to the Orders are

effectively chilled by the illegal fees imposed by said Orders under the Georgia Constitution.

93.

The EFSS and the EFS schemes have impeded Plaintiffs' right to fully and vigorously prosecute a matter filed in the Fulton County State Court and the Fulton County Superior Court.  The EFSS and the EFS schemes have resulted in damages incurred by Plaintiffs.

94.

The EFSS and the EFS schemes authorized by government Defendants, apply to only cases involving Asbestos, Fen Phen, Mercury/Lead, Silicosis, Welding Rod litigation, Medical Malpractice, Legal Malpractice, any civil litigation with four our more Plaintiffs or Defendants, any civil action where damages sought exceeds $50,000.00, all tort cases, and all personal injury cases (with regard to Fulton County State Court cases) and the certain Asbestos and Silicosis Litigation cases (with regard to Fulton County Superior Court cases).

95.

The distinctions made in the Orders authorizing the employment of the EFSS and EFS schemes constitute a violation of the Georgia Equal Protection Clause and/or Due Process Clause.  There exists no rational basis for the distinctions made

34

between the cases included in the Orders, and those cases that are not subject to the Orders.

96.

Further, the costs that are imposed by the EFSS and EFS systems have no rational basis in relation to the costs incurred for e-filing the documents subject to the Orders. Specifically, for example, the costs and fees required by the Order and the "Pricing Sheet" used by the Defendants apply equally to any document that is e-filed with the Clerk of Court for Fulton County, irrespective of the size of the document filed. According to the Orders, a one page Uniform Superior Court Rule 5.2 Certificate would require the payment of the same costs as a 100 page motion for summary judgment.

97.

Because the EFSS and EFS schemes employed by the government Defendants have no rational basis in relation to the actual types of cases that are subject to the mandatory Orders, and have no rational basis in relation to the costs incurred in e-filing the documents subject to the Orders, the actions of the Defendants constitute a violation of the Georgia Constitution's Equal Protection Clause and/or Due Process Clause.

98.

Further, the EFSS and EFS schemes employed by the government Defendants treat litigants such as Plaintiffs in a manner different than other similarly situated litigants that are not subject to the Orders.  Such a distinction, without any rational basis thereof, constitutes a violation of the Georgia Equal Protection Clauses and/or Due Process Clause.

99.

The EFSS and EFS schemes have deprived Plaintiffs of a property right by imposing fees and costs in excess of those filing fees authorized by Georgia law, with same being a violation of the Georgia Constitution's Due Process Clause and/or Equal Protection Clauses.

100.

The EFSS and EFS schemes employed by the government Defendants further deny and inhibit the fundamental right of access to the courts by imposing the illegal filing fees and costs imposed by the Orders, with same being in violation of the Georgia Constitution's Due Process and/or Equal Protection Clauses.

101.

Because of the Defendants' violations of the Plaintiffs' Constitutional Rights, Plaintiffs have therefore suffered damages.

## COUNT VIII: FEDERAL CONSTITUTIONAL VIOLATIONS AND VIOLATION OF PLAINTIFFS' CIVIL RIGHTS UNDER 42 U.S.C. § 1983

102.

Plaintiffs incorporate herein and re-allege, as if fully set forth herein, the allegations of the preceding paragraphs.

103.

The United States Constitution provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S Const., Amend. XIV, Sec.1.

104.

The EFSS and EFS schemes authorized and employed by the government Defendants effectively chills the right to prosecute or defend causes of action in the State Court of Fulton County and the Superior Court of Fulton County by imposing an illegal cost of filing pleadings, orders, or other supporting documents in any matter that is subject to the Orders. Furthermore, the rights of both plaintiffs and defendants to actively and vigorously litigate suits subject to the Orders are effectively chilled by the illegal fees imposed by said Orders under the Georgia and United States Constitution.

105.

The EFSS and the EFS schemes have impeded Plaintiffs' right to fully and vigorously prosecute a matter filed in the Fulton County State Court and the Fulton County Superior Court. The EFSS and the EFS schemes have resulted in damages incurred by Plaintiffs.

106.

The distinctions made in the Orders authorizing the employment of the EFSS and EFS schemes constitute a violation of the Georgia and United States Equal Protection Clause, Privilege and Immunities Clause, First Amendment Petition Clause, and/or Due Process Clause. There exists no rational basis for the distinctions made between the cases included in the Orders, and those cases that are not subject to the Orders. The aforementioned statutes constitute clearly established authority for the Courts to follow.

107.

Further, the costs that are imposed by the EFSS and EFS systems have no rational basis in relation to the costs incurred for e-filing the documents subject to the Orders. Specifically, for example, the costs and fees required by the Order and the "Pricing Sheet" used by the Defendants apply equally to any document that is e-filed with the Clerk of Court for Fulton County, irrespective of the size of the document filed. According to the Orders, a one page Uniform Superior Court Rule

38

5.2 Certificate would require the payment of the same costs as a 100 page motion for summary judgment.

108.

Because the EFSS and EFS schemes employed by the government Defendants have no rational basis in relation to the actual types of cases that are subject to the mandatory Orders, and have no rational basis in relation to the costs incurred in e-filing the documents subject to the Orders, the actions of the Defendants constitute a violation of the United States Constitution's Equal Protection Clause, Privilege and Immunities Clause, First Amendment Petition Clause and/or Due Process Clause.

109.

Further, the EFSS and EFS schemes employed by the government Defendants treat litigants such as Plaintiffs in a manner different than other similarly situated litigants that are not subject to the Orders.  Such a distinction, without any rational basis therefore, constitutes a violation of the United States Equal Protection Clauses Privilege and Immunities Clause, First Amendment Petition Clause and/or Due Process Clause. For example, a $49,000.00 breach of contract claim between litigants is not subject to said fees and paper filing prohibition, even though such an action could typically result in ten filings per

litigant. In contrast a simple $5,000.00 tort case with only a few filings is subject to the Lexis fees and the paper filing prohibition.

110.

The EFSS and EFS schemes employed by the government Defendants further deny and inhibit the fundamental right of access to the courts by imposing the illegal filing fees and costs imposed by the Orders, with same being in violation of the United States Constitution's Equal Protection Clauses, Privilege and Immunities Clause, First Amendment Petition Clause and/or Due Process Clause.

111.

Because of the Defendants' violations of the Plaintiffs' Constitutional Rights, Plaintiffs have therefore suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1)     Assume jurisdiction over this action;

(2)     Determine by Order pursuant to Rule 23 of the Federal Rules of Civil Procedure that this action be maintained as a class action;

(3)     Order trial by jury on all claims so triable;

(4)     Issue to Defendants, summons, process, and a second original of the complaint as required by law;

(5)     Enter a preliminary injunction and thereafter a permanent injunction preventing the imposition and collection of any fees that are in excess of the fees expressly authorized by Georgia law;

(6)     Order that Defendants return all money taken from Plaintiffs under the EFSS and EFS schemes in violation of law pursuant to, *inter alia*, the Orders issued by the State Court of Fulton County and the Superior Court of Fulton County, as compensatory damages or other just relief;

(7)     Issue declaratory judgment and/or issue judgment against the Defendants that the imposition and collection of the EFSS and EFS filing fees are illegal, that any unjust enrichment response be denied due to the *ultra vires* acts of the Defendants and that the Defendants' acts are contrary to Georgia law;

(8)     Enter judgment against Defendant(s) in such amount as willfully and adequately compensate Plaintiffs and the Class members;

(9)     Award enhanced or punitive damages as permitted by law and in an amount to be proven at trial;

(10)    Award attorney's fees, costs, and interest associated with this action as a result of Defendants' conduct;

(11)    Order such other and further relief as this Court may deem just and proper, and that this Court grant such other and further relief as it deems just and proper under the circumstances;

(12)    Grant leave to the Plaintiffs to amend their complaint as needed pursuant to Fed. R. Civ. P. 15 so that Plaintiffs may allege state claims against the government Defendants named herein at the expiration of notice required under Georgia law, (said notice has already been served according to law), and;

(13)    Compensate Mr. Pickelsimer for his undersigned counsel for merely viewing public records at the Fulton Superior clerk's PAT on or about October 22, 2007.

Respectfully submitted, this _13_ day of December, 2007.

LAW OFFICES OF STEVEN J. NEWTON, P.C.

Steven J. Newton

Ga. Bar. No. 542119
Attorney for Plaintiffs
215 14th Street, NW
Atlanta, Georgia 30318
404.874.5006
404.521.4477 fax
SJN@SJNLAW.COM