IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA



FILED IN OFFICE
APR 29 2002
DEPUTY CLERK STATE COURT
FULTON COUNTY, GA

In re:                                    )
                                          )
CERTAIN MERCURY-POISONING                 )
LITIGATION                                )   CIVIL ACTION ORDER
                                          )   02VS032064
In the State Court of Fulton County       )   E
                                          )
                                          )

### ORDER CONSOLIDATING AND DESIGNATING MERCURY- POISONING LITIGATION TO ELECTRONIC-FILING STATUS

1. **APPLICATION OF ORDER.** The Court, sua sponte, consolidates and designates the following cases involving Mercury-Poisoning Litigation and any case filed subsequent to this order involving Mercury-Poisoning Litigation as EFILE cases as described and governed by this order:

> 02VS029736, 02VS029743, 02VS029745, 02VS029753, 02VS029756, 02VS029758, 02VS029760, 02VS029761, 02VS029763, 02VS029766, 02VS029769, 02VS029772, 02VS029778, 02VS029782, 02VS029790, 02VS029793, 02VS029795, 02VS029797.

All cases in Mercury-Poisoning Litigation are assigned to the electronic filing and service system authorized by the Fulton County Board of Commissioners on September 15, 1999, between JusticeLink and the State Court of Fulton County (hereinafter referred to as SCFC), or any successor system. All parties to any Mercury-Poisoning case pending in this court shall be deemed to consent to the entry of this Order, and to be bound by its provisions, by entering into an EFile Subscriber Agreement with JusticeLink or the then-current vendor ("the Vendor"). By definition, parties wishing to electronically file or receive electronic service of any documents filed, must become participants to the Vendor's system. Electronic status affects both the sending and receiving of documents, therefore all parties, regardless of whether you plan to file, must become participants of the system. *Effective immediately*, any party to Mercury-Poisoning Litigation must post-haste and

EXHIBIT 3

without any delay complete the Vendor's subscriber process and commence electronic filing and service of any pleadings not already in the court's record.

2. DEFINITIONS. The following terms in this Order shall be defined as follows:

   A. EFile - Electronic transmission of an original document (pleading) to the State Court via the Vendor's system. An EFile consists of either an EDocument, an EImage, or both.

   B. EService - Electronic transmission of an original document (pleading) to all other designated recipients via the Vendor's system. Upon the completion of any transmission to the Vendor's system, a certified receipt is issued to the sender acknowledging receipt by the Vendor system. Once the Vendor has served all recipients, proof of electronic service is returned to the sender.

   C. EDocument - An electronic file of a word processing document which contains almost exclusively text.

   D. EImage - An electronic file of a document that has been scanned or converted to a graphical or image format.

   E. Original Petition - An instrument that gives rise to a cause of action serving as an original or case initiating pleading.

   F. Original Complaint - An instrument that gives rise to a cause of action serving as an original or case initiating pleading.

3. PUBLIC ACCESS TERMINAL. The public can research, download, view, and print electronically filed documents on a Public Access Terminal located in the Fulton County Clerk's Office located at Room TG-100, 185 Central Avenue, Atlanta, GA 30303. Parties may be charged for printed copies of documents.

4. ASSIGNMENT BY THE VENDOR OF PERSONAL IDENTIFICATION NUMBERS. Upon receipt by the Vendor of a properly executed EFile Subscriber Agreement, the Vendor shall assign to the party's designated representative(s) a confidential Personal Identification Number (PIN) used to file, serve, receive, review, and retrieve

electronically filed pleadings, orders, and other documents filed in the assigned case. No attorney shall knowingly authorize or permit his/her PIN to be utilized by anyone other than authorized attorneys or employees of the attorney's law firm, or designated co-counsel, where it has been established in writing that designated counsel may file documents on behalf of the assigning counsel.

5.  ELECTRONIC FILING OF PLEADINGS AND OTHER DOCUMENTS. As of the commencement date of this Order, except as expressly provided herein, all pleadings, motions, memoranda of law, orders, or other documents filed in Mercury-Poisoning Litigation, other than the Original Petition, shall be filed electronically through the system.

   A.  Original Petition and Original Answers. Plaintiff shall file the Original Petition or Original Complaint in each case electronically via Vendor's system. The clerk shall not accept or file any pleadings or instrument in paper form. Each defendant shall make arrangements with the Vendor prior to filing its first appearance or answer in such manner as to allow the electronic filing of its first appearance or answer in newly filed cases.

   B.  Subsequent Pleadings. The clerk shall not accept or file any pleadings or instrument in paper form. Parties must EFile a document either:

   1. Through access to the Vendor's system from the filing attorney's office;

   2. In person, by electronically filing through the Public Access Terminal located at the clerk's office. Parties filing in this manner shall be responsible for furnishing the pleading or instrument on an IBM formatted 3 1/2" computer disk, CD ROM, or any other disk compatible with the clerk's office-system to be uploaded in person; or,

   3. By faxing all documents and attachments thereto to Vendor. Vendor shall then convert said documents to electronic form, file said documents with the Court, and serve designated parties as provided herein. Parties choosing to file via facsimile through Vendor shall be charged fees reflecting Vendor's then-current published rates for filing and service in this matter.

C.  <u>Maintenance of Original Documents</u>. Unless otherwise ordered by the Court, an original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document and shall be made available, upon reasonable notice, for inspection by other counsel or the court. From time to time, it may be necessary to provide the Court with a hard copy of an electronically filed document.

D.  <u>Time For Filing And Effect of Use of EFile</u>.  Any pleading filed electronically shall be considered as filed with the Fulton County Clerk's office when it is first submitted to EFile and transmission is completed ("authorized date and time"). Any document filed after 11:59 p.m. EST on a day the court is open for business shall be deemed to have been filed on the next court day. Vendor is hereby appointed the agent of the Fulton County Clerk as to the electronic filing, receipt, service, and/or retrieval of any pleading or document in EFile. Upon receipt and filing of a document the Vendor shall issue a confirmation that the document has been received and filed. The confirmation shall serve as proof the document has been filed.

E.  If the electronic filing is not filed with the court because of (1) inaccessibility to Vendor's efile system and Vendor is not able to provide facsimile filing on behalf of filing party, (2) an error in the transmission of the document to the Vendor which was unknown to the sending party, or (3) a failure to process the electronic filing when received by the Vendor, the court may enter an order permitting the document to be filed nunc pro tunc.

6.  <u>FORM OF DOCUMENTS ELECTRONICALLY FILED</u>.

A.  <u>Format of Electronically Filed Documents</u>. All electronically filed pleadings shall, to the extent practicable, be formatted in accordance with the applicable rules governing formatting of paper pleadings, and in such other and further format as the Court may require from time to time.

B.  <u>Representations by Using a Typographical Signature</u>.  Every pleading, document, and instrument filed in the EFile system shall be deemed to have been

signed by the attorney or declarant and shall bear a facsimile or typographical signature of such person, along with the typed name, address, telephone number, and State Bar of Georgia number of a signing attorney. Typographical signatures shall be treated as personal signatures for all purposes under the Georgia Rules of Civil Procedure.

C. <u>Electronic Title of Pleadings and Other Documents</u>. The electronic title of each electronically filed pleading or other document ("papers"), shall include:

(1) The party or parties filing the paper,

(2) The nature of the paper,

(3) The party or parties against whom relief, if any, is sought, and

(4) The nature of the relief sought (i.e., "John Doe, et al.'s Motion to Compel Discovery and for Sanctions against Jim Smith"). The title shall be used for administrative purposes only.

7. <u>ELECTRONIC SERVICE OF PLEADINGS AND OTHER DOCUMENTS</u>. All parties shall make service upon other parties of Original Petitions and Original Complaints conventionally. All parties shall make service upon other parties of subsequent pleadings electronically through the EFile system. Parties, or their designated counsel, shall receive all documents EFiled and EServed upon them via access to the Vendor's system at their office.

A. <u>Effect of Electronic Service.</u> The electronic service of a pleading or other document in EFile shall be considered as valid and effective service on all Parties and shall have the legal effect as an original paper document.

B. <u>Service on Parties; Time to Respond or Act</u>.

EService shall be deemed complete at the time a document has been received by Vendor's system as reflected by the authorized date and time appearing on the electronic transmittal. Effective with the commencement date of electronic filing, any period of notice or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be strictly governed by the Georgia Civil Practice Act.

C. If electronic service on a party does not occur because of (1) inaccessibility to the Vendor's system; (2) an error in the transmission of the document to a party which error was unknown to the serving party or Vendor, (3) a failure to process the electronic filing for service when received by the Vendor, OR (4) the party was erroneously excluded from the service list, the party to be served, in the absence of extraordinary circumstances, shall be entitled to an order extending the date for any response or the period within which any right, duty or other act may be performed.

8. <u>CONVENTIONAL FILING OF DOCUMENTS</u>. Notwithstanding the foregoing, the following types of documents may be filed conventionally and need not be filed electronically, unless expressly required by the Court or the Court Clerk.

A. A motion to file documents under seal shall be filed and served electronically. However, the documents to be filed under seal shall be filed in paper form.

B. Exhibits to declarations or other documents that are real objects (e.g. x-ray film or vehicle bumper)or which otherwise may not be comprehensibly viewed in an electronic format may be filed and served conventionally, in paper form.

9. <u>COLLECTION OF FEES FOR INSTRUMENTS REQUIRING FEE PAYMENT</u>.

A. Any instrument requiring payment of a Statutory filing fee to the SCFC in order to initiate a cause of action and achieve valid filing status shall be filed electronically as an EFile document. If a filing fee is required, immediately upon acceptance of the filing by the review clerk, Vendor will credit the designated court account via ACH (Automated Clearing House) the proper amount in accordance with the State Court of Fulton County Schedule of Fees within 72 hours of the filing.

B. Fees charged by Vendor to parties or attorneys for access to and electronic transmission of documents are solely the property of Vendor and are in addition to any charges associated with required filing fees of SCFC.

10. **ELECTRONIC FILING AND SERVICE OF ORDERS AND OTHER PAPERS.**

The Court may issue, file, and serve notices, orders, and other documents electronically, subject to the provisions of this Order.

SO ORDERED, this 23 day of April, 2002.

Chief Judge Albert L. Thompson
State Court of Fulton County

Distribution List:

    Evert and Weathersby L.L.C.
    3405 Piedmont Rd., Suite 225
    Atlanta, Georgia 30305